[Civ. No. 3817.   Third Appellate District.—June 10, 1929.]

MARION R. BRADY, Appellant, v. SUTTER BUTTE CANAL COMPANY (a Corporation), Respondent.

Lawrence Schillig and Desmond A. Winship for Appellant.

Seth Millington for Respondent.

PLUMMER, J.—This action is before us upon the plaintiff's appeal from a judgment of the Superior Court of the state of California, in and for the county of Sutter, entered in favor of the defendant after sustaining defendant's

demurrer to the plaintiff's amended complaint without leave to amend.

The amended complaint sets forth the following facts: That at all the times mentioned in the complaint the defendant was a corporation organized and existing under the laws of this state, having its principal place of business in Gridley, county of Butte, state of California; that the defendant is a public utility furnishing water for irrigation to consumers in the counties of Butte and Sutter, in said state; that at all the times mentioned in the complaint one Edgar Preston Brinegar was the owner, and one Rudolph Knox was in possession and entitled to the possession of that certain land in the county of Sutter, state of California, described as follows: (here follows a particular description of the lands alleged to belong to Edgar Preston Brinegar, situate in the county of Sutter, state of California, containing 450 acres, more or less) ; that at all the times mentioned in the complaint the defendant maintained and operated one of its distributing canals running in a northerly and southerly direction through a portion of said described tract of land belonging to said Edgar Preston Brinegar and in the possession of said Rudolph Knox; that said canal so maintained by said defendant was not inclosed and not fenced or otherwise set off or separated from the land on either side thereof; but the said canal and said pieces of land on either side thereof were so joined and connected as to form, and they did form, one parcel of land; that the plaintiff, during the year 1926, purchased from said Rudolph Knox, the pasture and feed then and there growing, and to be grown during said year 1926, on said above-described lands, in the possession of said Rudolph Knox, with the right of entry thereon, and placing sheep thereon for the purpose of pasturing and feeding on said grasses and feed growing on said lands; that the defendant, prior to the fourteenth day of July, 1926, the exact date of which was unknown to the plaintiff, wrongfully and unlawfully entered upon the above-described lands and sprayed the grass and verdure growing on the land on both sides of said canal, which grass and verdure plaintiff had purchased from said Rudolph Knox, with a dangerous and deadly poison, to wit, a solution of arsenic, for the purpose of killing the grass and verdure so growing on the lands adjoining said canal, well knowing

that said solution of arsenic so sprayed on said grass was a dangerous and deadly substance and injurious to any animal eating the same, and well knowing that stock grazing upon the lands hereinabove described passed over and grazed on the lands so sprayed with said poisonous solution of arsenic by said defendant; that knowing all these things the defendant, nevertheless, wrongfully entered upon said lands, and wrongfully, carelessly and negligently sprayed said grasses growing thereon with said poisonous solution of arsenic, and wilfully, negligently and carelessly failed and neglected to give proper, adequate or any warning by posting notice or otherwise, that said poisonous solution of arsenic had been sprayed on said grass; that on or about the fourteenth day of July plaintiff, pursuant to his said agreement with said Rudolph Knox, for the pasturing of said lands, and not knowing that the grasses on said lands on both sides of said canal had been sprayed with said poisonous solution of arsenic, placed a large band of lambs, then and there of the value of $9 per head, on said premises to graze thereon; that as a direct and proximate result of the negligence of defendant in so spraying said poisonous solution on said grasses on both sides of said canal, and because of defendant's negligence in not giving proper, adequate or any notice that said grasses had been so sprayed, plaintiff allowed the said lambs so placed on said premises to eat the grass and verdure so sprayed with said poisonous solution, and said lambs became poisoned thereby; that as a result thereof 225 of said lambs, of the value of $2,025, died, and became of no value to the plaintiff, and that 900 lambs were injured and stunted by such poison, and that plaintiff was unable to sell the same and had to carry said lambs over until the next year, at an expense of $1,400, etc. Other damages are alleged, the total of which aggregated, according to the complaint, $4,685, for which plaintiff asked judgment. To this complaint the defendant interposed a demurrer, stating three grounds—first, that said complaint does not state facts sufficient to constitute a cause of action; second, that the complaint is uncertain in that it is nowhere alleged or cannot be ascertained therefrom whether said defendant was the owner of the distributing canal running in a northerly and southerly direction through a portion of said above-described tract, or whether Edgar Preston

Brinegar was the owner of said right of way; that said complaint is uncertain for the further reason that it is nowhere alleged therein nor can it be ascertained therefrom whether or not the defendant entered upon said right of way or whether the said defendant entered upon the balance of said tract alleged to belong to Edgar Preston Brinegar to spray the grass and verdure growing on the right of way of defendant, nor can it be ascertained therefrom whether or not the defendant entered upon any lands belonging to Edgar Preston Brinegar, and, third, that said complaint is unintelligible for the same reason that it is uncertain.

It requires only a reading of the complaint to show that the grounds of demurrer set forth in the second and third specifications, relied upon by the respondent, are inapplicable. The complaint alleges that the premises, consisting of 450 acres, more or less, belonged to and were owned by Edgar Preston Brinegar; that said premises had been leased to one Knox; and that the lessee had sold the grasses growing on said premises to the plaintiff in this action. So far as the complaint is concerned, no right of way belonging to the defendant is involved. If the defendant owned a right of way to said premises, and had a right to enter thereon, and sprayed the same with poisonous substances, that is a matter of defense; it does not appear from the complaint. After stating that the premises belonged to Edgar Preston Brinegar, and had been leased to Rudolph Knox, it is alleged that the defendant wrongfully and unlawfully entered upon the same and sprayed the grasses growing thereon with poisonous substances. Paragraphs VI and VII of the amended complaint set forth facts which, as stated, constitute a cause of action, that the defendant wrongfully and unlawfully entered upon the described lands, spraying the grass and verdure along both sides of the canal with poisonous substances, well knowing that the substance was dangerous and deadly to animals, and well knowing that stock grazing upon the lands described in the plaintiff's complaint passed over and grazed upon the lands so sprayed, and that, well knowing these things, the defendant, after wrongfully entering upon the lands, etc., and spraying the same, negligently and carelessly failed to give any notice or warning of what it had done. If the fact be that stock was accustomed to graze along the banks

of the canal, and the defendant was aware of that fact, and while being so aware of such fact, entered thereon and sprayed the grass where the stock would go to feed with a poisonous substance, and neglected to give notice, we fail to see how the ownership or easement of a right of way through the premises would need to be stated in order to set forth a cause of action. ▮ Be that as it may, the complaint alleges the ownership of the land, its leasing to Knox, and the purchase of the pasturage by the plaintiff, and all the other facts necessary to set forth a cause of action against the defendant for injuries resulting from its negligence. This being true, there is no necessity to review the cases cited by counsel, wherein the particular facts stated have been held insufficient to state a cause of action, nor is it necessary to review the cases holding that an owner of land who places a poisonous substance thereon is not liable for injuries resulting to trespassing stock. Those cases are not in point so far as the allegations of plaintiff's complaint are concerned. What we have stated sufficiently shows that the first specification in the demurrer that the complaint does not state facts sufficient to constitute a cause of action is without merit.

The judgment of the trial court is reversed, with directions to overrule defendant's demurrer and allow the defendant to file an answer to plaintiff's complaint, if it be so advised, within such time as the trial court may lawfully fix.

Finch, P. J., and Thompson (R. L.), J., concurred.